No. ——

First Circuit

---

### LEVY v. MAHER

---

(June 26, 1926. Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Brokers—Par. 1, 2, 17.**

Under Act 226 of 1920, one who is neither an employee, nor a representative of another who has real estate to sell, nor is he a licensed real estate broker, cannot recover for a commission for the sale of real estate.

Appeal from the Parish of Ascension. Hon. Sam A. LeBlanc, Judge.

Action by Leon Levy against John M. Maher.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Geo. R. Blum, attorney for plaintiff, appellant.

Howell & Wortham, of Donaldsonville, attorneys for defendant, appellee.

LECHE, J. Plaintiff's demand is based upon a claim for commission on the sale of defendant's Hotel Donaldson, situated in the town of Donaldsonville.

Plaintiff alleges that he was employed by defendant to sell said hotel and all its appurtenances for the price and sum of forty-five thousand dollars in consideration of a commission of five hundred dollars. This statement is not entirely denied by defendant, but he qualifies it with the modification that he made this offer in the presence of several persons, among whom was the plaintiff, but to no one person in particular.

Plaintiff then alleges that defendant did sell the hotel to Joseph Stovicec for the price and sum of forty-two thousand two hundred and fifty dollars and he alleges in substance that he was the procuring cause of the sale. He fails, however, to allege or prove that he carried out the terms of the offer or of his alleged employment by procuring a purchaser for the stipulated price of forty-five thousand dollars. He nevertheless prays for judgment recognizing his right to the commission as stipulated in the alleged contract.

From an analysis of these allegations it appears as if the suit is first based upon the alleged contract, which is later partly abandoned, and is then pitched upon a quantum meruit.

Defendant, however, did not avail himself of this technical defense of compelling plaintiff to elect on which cause of action he desired to proceed, and the court is not authorized or justified in advancing such a plea on behalf of defendant, so

that the case will be considered from the mixed standpoint in which it is presented.

Our appreciation of the facts as they appear from the evidence in the record are that plaintifff first directed the attention of the eventual purchaser, Joseph Stovicec, to the fact that defendant desired to sell his Hotel Donaldson, and induced said purchaser to make an offer to defendant to buy the place; that plaintiff however, was unable to induce Stovicec to make an offer of more than thirty-five thousand dollars. That pending negotiations between Stovicec and defendant, which lasted about two or three months, defendant told plaintiff that owing to the fact that he was unable to secure his price of forty-five thousand dollars he should consider his offer which had not been complied with, as withdrawn, and that the deal was off. That plaintiff told defendant not to lose the sale on his account but to go ahead and sell. Stovicec and defendant thereafter came to an agreement under which the sale was made for forty-two thousand two hundred and fifty dollars.

Some time after the sale was completed defendant remitted fifty dollars to plaintiff as a gift or recompense for inducing Stovicec to negotiate with him for the sale of the hotel. This act of defendant, no doubt, induced plaintiff to believe that defendant owed him a greater recompense and this suit was then instituted. It is shown that although plaintiff claims to have acted as agent of defendant and sues for his services as such, he also received remuneration and compensation from Stovicec, the purchaser. He does not pretend to have acted as broker, and the fact that he was getting paid by both sides leaves it in doubt whether he was acting as agent of the defendant or agent of the purchaser.

Counsel for defendant calls our attention to Act 226, p. 446, of 1920, which seems to bar plaintiff's right to recover. Plaintiff is neither an employee nor a representative of the defendant, nor is he a licensed real estate broker. The cited act was adopted to protect persons who engage in the purchase and sale of real estate and who pay a license to pursue that occupation. It is designed to prevent the very thing which plaintiff in this case attempted to do.

We do not believe that there is any merit to plaintiff's demand. The trial judge rejected it and, we think, properly.

Judgment affirmed.